IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH GLENN RAWLS            \*
                                                        \*
          v.                                         \*        Civil Case No. JFM-15-1609
                                                        \*
COMMISSIONER, SOCIAL SECURITY   \*
                                                        \*
                                        \*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and the Commissioner's supplemental filing. [ECF Nos. 12, 13, 15]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Mr. Rawls's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

In 2011, Mr. Rawls protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Tr. 217-29). His applications were denied initially and on reconsideration. (Tr. 149-53, 162-68). An Administrative Law Judge ("ALJ") held a hearing on October 3, 2013, at which Mr. Rawls was represented by counsel. (Tr. 40-83). Following the hearing, the ALJ determined that Mr. Rawls was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13-39). The Appeals Council

denied Mr. Rawls's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

>The ALJ found that Mr. Rawls suffered from the severe impairments of:
>
>coronary artery disease status post three myocardial infarctions and five stent placements, lumbar degenerative disc disease with radiculopathy, chronic obstructive pulmonary disease, depression, major depression, a bipolar disorder, a posttraumatic stress disorder, chronic, rule out intermittent explosive disorder, and rule out anti-social personality disorder.

(Tr. 18). Despite these impairments, the ALJ determined that Mr. Rawls retained the residual functional capacity ("RFC") to:

>perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that the claimant must avoid balancing and climbing ladders, ropes, scaffolds, ramps, and stairs, must avoid concentrated exposure to fumes, odors, dust, gases, environments with poor ventilation, temperature extremes, and extreme dampness and humidity, is limited to occupations that do not require exposure to dangerous machinery and unprotected heights, is limited to simple, routine, repetitive tasks, not performed in a fast pace production environment, involving only simple work-related decisions, and in general, relatively few work place changes, and must work primarily with objects rather than people and cannot do jobs requiring teamwork or interaction with the public.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Rawls could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 32).

Mr. Rawls disagrees. He argues that the ALJ erred in evaluating and assigning weight to the opinions of two treating medical sources. That argument lacks merit.

The ALJ assigned "minimal weight" to the opinions of two certified nurse practitioners who treated Mr. Rawls. (Tr. 30). The ALJ noted that both were treating sources, but further noted that they were not acceptable medical sources. *Id.* Because a CRNP is not an "acceptable medical source," he cannot give a "medical opinion" or be considered a treating source. Social Security Ruling ("SSR") 06-3P. Whether a source is an "acceptable medical source" or not is a

factor that may be considered in assigning weight to that source's opinion. *Id.* However, the opinion of a non-acceptable medical source, such as a CRNP, is relevant in determining the severity of an impairment and its impact on an individual's ability to function. *Id.* SSR 06-3P explains that the same factors that apply to evaluating the opinions of medical sources apply to evaluating the opinions of other sources. *Id.* The ALJ cited a variety of those factors as reasons to discount both CRNPs' evaluations of Mr. Rawls's physical capacity. (Tr. 30-31). The ALJ provided an abundance of support for his assignments of minimal weight, noting that the CRNPs' opinions were contradicted by the opinion of the consultative physician, Dr. Dunmore, and the opinions of the State agency physicians. *Id.* The ALJ also noted that the opinions of the CRNPs were not supported by the findings that at least one of them made on his own physical examination of Mr. Rawls, the findings on physical examination and diagnostic studies by other treating sources, Mr. Rawls's activities of daily living, and his failure to follow medical advice to stop smoking and using alcohol. (Tr. 30-31). Thus, the ALJ did not simply reject the CRNPs' opinions as opinions from non-acceptable sources, but engaged in an appropriate analysis of the merits of those opinions in light of the other evidence of record. This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In light of the substantial evidence supporting the ALJ's conclusion here, I recommend that his opinion be affirmed.

I also asked the parties to consider whether this case was impacted by the recent ruling of the United States Court of Appeals for the Fourth Circuit in *Fox v. Colvin*, 632 Fed. Appx. 750 (4th Cir. 2015). After reviewing the Commissioner's supplemental brief, I am persuaded that *Fox* does not require remand of this case, because the ALJ did not identify any specific physical

listings as potentially applicable to Mr. Rawls's case. Under existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met. *See Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). While *Fox* provided a new standard for the analysis that must be present in an ALJ's opinion after a listing has been identified, it did not alter existing law with respect to the criteria for identifying a listing in the first instance. In Mr. Rawls's case, while the ALJ referred to potentially applicable categories of listings that he considered, he did not identify any specific listings pertaining to physical impairments. (Tr. 19). The ALJ did identify several listings relating to mental impairments, but properly applied the special technique to evaluate those impairments. (Tr. 19-21). Accordingly, *Fox* provides no basis for remand.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 13];

2. the Court DENY Mr. Rawls's Motion for Summary Judgment [ECF No. 12];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  June 2, 2016                                        /s/
                                                                   Stephanie A. Gallagher
                                                                   United States Magistrate Judge